## In re OPINION OF THE JUDGES.
## In re LUKE NICHOLS.

No. A-8477. March 18, 1933.
(20 Pac. [2d] 192.)

CHAPPELL, J. From an examination of the records of this court we find that no appeal has been taken in said case, and that the time for appeal has expired. The question then presented is: Has there been an observance of all the formalities of law essential to the taking of human life? That is, has the trial, conviction, and sentence of death been in accordance with the law of the land?

Upon a careful examination of the record, we find that an information was filed in the district court of Alfalfa county, on the 12th day of May, 1932, sufficiently and correctly charging defendant with murder in the killing, of one Mrs. Harriet Crawford. That a certified copy of the information with a list of witnesses indorsed thereon was served on defendant as required by the Constitution. That on the 21st day of May, 1932, defendant was arraigned on said charge, had benefit of counsel, was advised by the court of all his statutory and constitutional rights, and took twenty-four hours in which to plead.

That on the 31st day of May, 1932, in open court, defendant, accompanied by his counsel, entered his plea of guilty; the court then announced that he would hear testimony to enable him to pronounce the proper judgment, and set June 7, 1932, at 9 o'clock, as the time for said hearing.

That on the 7th day of June, 1932, defendant appeared in person and by his counsel and asked permission

to withdraw his plea of guilty and enter a plea of not guilty, which request was by the court granted, and trial set for July 11, 1932.

That on July 7, 1932, the parties appeared in open court, and the court continued the trial of said cause until August 1, 1932.

That on August 1, 1932, defendant appeared in open court, accompanied by his counsel, and asked permission to withdraw his plea of not guilty and enter a plea of guilty. The application was granted and a plea of guilty entered. Thereupon the court stated he desired to take testimony of witnesses to enable him to pronounce sentence upon such plea of guilty, and upon the same day heard the testimony of thirteen witnesses for the state, and of defendant, and five witnesses in his behalf.

It appears from the evidence of the state and the admissions of defendant that he had been keeping company with the deceased for about two years; that deceased was a widow and the mother of two children; that defendant was a carpenter and had lived in the town of Cherokee for a number of years; that on the evening of the homicide he went to the place where he boarded, changed his shirt, got the pistol with which the homicide was committed, got in his car, and drove back up town; that he met the deceased on a crossing and asked her to go for a ride; that she told him she could not, but would see him later; that he drove up the street, turned his car around, came back down on the other side of the street for several blocks, parked his car and waited for deceased; that when she came up, he fired one shot into her body; that after she fell to the sidewalk, he stood over her and fired four other shots into her body, any one of which, the doctors testified would have been fatal; that immediately after the shoot-

ing, he ran to his car, started it, and was driving off when the officers fired at him and stopped him. That he took off his ring and asked the officers to give it to his daughter, telling them he was "set to die that way"; that no woman could double cross him. The only justification offered was the claim that because of a previous gunshot injury defendant might have been weakened mentally.

At the conclusion of the testimony, defendant offered to waive time for judgment and sentence, but the court refused such waiver and fixed August 4, 1932, at 10 o'clock a. m., as the time for judgment and sentence, and on that day the court pronounced judgment and sentence of death according to law.

This court has held that a conviction of crime may be had in three ways; either by the verdict of the jury, by findings of fact by the judge where a jury is waived (section 1739, C. O. S. 1921), or by a plea of guilty. In re Opinion of the Judges, Nathan Rightsell, 54 Okla. Cr. 152, 14 Pac. (2d) 238.

Where a defendant is informed against for murder and pleads guilty, the court is authorized to pronounce judgment and sentence according to law, as fixed by section 1739, C. O. S. 1921.

The record discloses that Luke Nichols is guilty of murder in the killing of Mrs. Harriet Crawford; that all the formalities of law essential to the taking of human life have been observed; and that the slaying of this woman warrants the extreme penalty of the law.

DAVENPORT, J., concurs. EDWARDS, P. J., absent.